IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN WILLIAM HETZEL                                                                            PLAINTIFF

v.                                   Civil No. 06-5024

DR. MULLINS; and
NURSE McDONALD                                                                               DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

Hetzel is currently incarcerated at the Arkansas Department of Correction. In this case, Hetzel contends his constitutional rights were violated while he was incarcerated in the Benton County Detention Center. Specifically, he contends he was denied adequate medical care.

Defendants filed a summary judgment motion (Doc. 16). To assist Hetzel in responding to the summary judgment motion, a questionnaire was propounded (Doc. 19) by the court. Hetzel filed a timely response to the questionnaire (Doc. 20). The summary judgment motion is before the undersigned for issuance of this report and recommendation.

### Background

Hetzel was booked into the Benton County Detention Center (BCDC) on charges of aggravated assault and second degree battery on October 25, 2005. *Plaintiff's Response* (Doc. 20)(*hereinafter Resp.*) at ¶ 1. When he was booked in, Hetzel indicates he was too intoxicated to recall the booking process or any documents filled out during the process including the medical questionnaire. *Id.* at ¶ 2 & ¶ 4.

AO72A
(Rev. 8/82)

Hetzel remained in pretrial status until June 26, 2006. *Resp.* at ¶ 3. On that date, he was sentenced to a term of imprisonment in the Arkansas Department of Correction (ADC) of one hundred and eighty months. *Id.*

On December 2nd, Hetzel stated he needed to see a dentist and have a tooth pulled soon. *Resp.* at ¶ 8. He indicated he had been told it would take three months. *Id.* He stated he could not wait that long because he could not eat or sleep as he was in pain all the time. *Id.*

In response, Captain Petray stated he would forward Hetzel's request to the medical staff. *Resp.* at ¶ 9(A). Petray said the doctor makes all the medical decisions in the jail. *Id.*

Following this grievance, Hetzel indicates he was taken to the dentist and he got the tooth pulled. *Resp.* at ¶ 9(B). He indicates it took about a month. *Id.*

On January 12, 2006, Hetzel submitted a grievance stating that he had an A/C separation of his right shoulder and had been told that nothing would be done until he got to prison. *Resp.* at ¶ 14(A) Hetzel indicates he had been told he had an A/C separation of his shoulder at the Crawford County Hospital in December of 2004. *Id.* at ¶14(B). He states he could not get it treated at that time because he did not have any money. *Id.*

Hetzel had seen Dr. Mullins and Nurse Sue McDonald about his shoulder before January 12. *Resp.* at ¶ 14(C). He was told they would not do anything about the shoulder injury because it did not happen at the jail. *Id.* He indicates they just prescribed him Ibuprofen. *Id.*

In response to the January 12th grievance, Petray indicated he would forward the grievance to medical. *Resp.* at ¶ 14(D). Petray stated the doctor made all medical decisions in the jail. *Id.*

-2-

On January 25th, Hetzel submitted a grievance about his shoulder. *Resp.* at ¶ 16(A). He stated he was in pain everyday and the doctor told him that the county jail would not do anything about it. *Id.*

In response, Petray stated he would forward the grievance to medical. *Resp.* at ¶ 17. He stated the doctor made all the medical decisions at the jail. *Id.*

On March 11th, Hetzel asked to be moved to a bottom bunk due to his separated shoulder. *Resp.* at ¶18(A). The responding officer told Hetzel to check with the pod deputy. *Id.* Hetzel was allowed to move to a bottom bunk. *Id.* at ¶18(B).

Hetzel was transferred to the ADC on July 14th. *Resp.* at ¶26. His intake physical at the ADC was done on July 24th. *Id.*

Hetzel reported having been hospitalized in December of 2004 following a motor vehicle accident during which he sustained a fracture of his right clavicle with a significant deformity and decreased range of motion of his right shoulder. *Defts' Ex.* 5 at page 2. Examination revealed Hetzel had equal use of his arms. *Id.*

Hetzel was given a restricted assignment requiring no handling, or lifting of heavy materials in excess of 10 pounds or overhead work for a period in excess of 8 hours. *Resp.* at ¶ 29. Hetzel told the nurse he had been hit by a van in December of 2004 and had right shoulder pain radiating to his right hand and pain in his left hip. *Id.* at ¶ 30. He indicated he had been having shoulder problems every since he got hit by the van in 2004 and was not having any new problems. *Id.* at ¶ 31. He stated he was taking Lorcet plus and Percodan but didn't have the money to have surgery. *Id.* He stated he had gotten a job so that he could have insurance and pay for it. *Id.* He complained of numbness at times. *Id.*

Hetzel also complained that he had gotten an itchy rash while he was at the BCDC and were given a hydrocortisone cream that only made the rash worse. *Resp.* at ¶32. He was prescribed Acetaminophen. *Id.* at ¶ 33.

Hetzel was asked to describe in detail how Dr. Mullins exhibited deliberate indifference to his serious medical needs. Hetzel responded:

> He did nothing, but give me Aspirin. [A]nd I was in pain and told him they did no good and all he could say is wait until you get out or go to prison. [A]ll he wanted to do was get me out of the office as fast as he can. I felt more like an animal then a human being.

*Resp.* at ¶ 34.

Hetzel was asked to describe in detail how Nurse McDonald exhibited deliberate indifference to his serious medical needs. Hetzel responded: "She was the same way. [A]nd when you try to tell her anything, she tells you to suck it up and be a man, and if you keep talking she'll try and have you put in the hole." *Resp.* at ¶ 35.

Hetzel was asked to explain why his shoulder that had gone untreated since December of 2004 needed treatment while he was incarcerated at the BCDC. He responded that he didn't know why. *Resp.* at ¶ 36. He indicated it just started hurting and got worse as time went by. *Id.*

Since he has been at ADC, he has not had surgery or any other type of treatment on his shoulder. *Resp.* at ¶ 37. Hetzel indicates he has given up on trying to get treatment. *Id.*

### **Summary Judgment Standard**

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the record "show[s] that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

## Discussion

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S. Ct. 1708, 1719, 140 L. Ed. 2d 1043 (1998)(citation omitted). "Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment as applied to the States by the Fourteenth Amendment." *Hartsfield v. Colburn*, 491 F.3d 394, 396 (8th Cir. 2007). In this circuit it is now settled law that deliberate indifference is the appropriate standard of culpability for all claims that detention center officials have denied inmates, whether in pretrial or convicted status, adequate medical care. *See Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006).

AO72A
(Rev. 8/82)

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  The deliberate indifference standard includes "both an objective and a subjective component:  'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'"  *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)(*quoting Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).  Additionally, "'[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Jolly*, 205 F.3d at 1096 (*quoting Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)).  *See also Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000)("To establish a constitutional violation, it is not enough that a reasonable official should have known of the risk, a plaintiff must establish that the official in question did in fact know of the risk.").

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"  *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992).  "A medical need is serious if it is obvious to the layperson or supported by medical evidence." *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir. 1997) (per curiam) (internal quotation and citation omitted).

"[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86

-6-

F.3d 761, 765 (8th Cir. 1996). In *Dulany v. Carnahan*, 132 F.3d 1234 (8th Cir. 1997), the Eighth Circuit said:

> As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment. Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976). Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation. *Id.* at 106, 97 S. Ct. at 292.

*Dulany*, 132 F.3d at 1239. *See also Tlamka v. Serrell*, 244 F.3d 628, 633 (8th Cir. 2001).

In this case, defendants maintain they are entitled to summary judgment because Hetzel was seen by the defendants and given pain relievers for his pre-existing injury to his shoulder. While Hetzel was told that defendants were not responsible for surgery since the problem existed prior to his incarceration, defendants indicate he was given pain relievers and they argue there is no evidence to establish they ignored an acute or escalating condition with respect to Hetzel's health or that any delay in his treatment adversely affected his prognosis.

The summary judgment record in this case has not been fully developed. The jail medical file submitted to the court consists only of the medical questionnaire. The court has not been provided with any notes from the visits Hetzel had with the Nurse McDonald or Dr. Mullins. The court has no affidavits from either named defendant. The court therefore does not have before it any information regarding defendants' reasons for concluding Hetzel needed no treatment for his shoulder other than Ibuprofen. If their reason for refusing him treatment was based solely on the alleged policy regarding pre-existing medical care, obviously their decision

was not based on medical judgment. *See e.g., Rand v. Simonds*, 422 F. Supp. 2d 318 (D.N.H. 2006)(question of fact as to whether supervisors acted with the requisite degree of deliberate indifference when they relied on the fact that the plaintiff's injury was a pre-existing condition and as a result facility would not provide treatment unless plaintiff would pay for it–however, summary judgment granted supervisors because the injury did not amount to a serious medical needs as a matter of law). Finally, the court has not been provided with a copy of the policy regarding treatment of pre-existing medical conditions, if it is a written policy.

### Conclusion

For the reasons stated, I recommend that the defendants' motion for summary judgment (Doc. 16) be denied.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **28th day of August 2007.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)